**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER REPORT AND RECOMMENDATION**

September 30, 2014

*To Plaintiff via regular and certified mail*
*To all counsel of record via ECF*

Re:   Reuel Mebuin v. United States of America, et al.
      Civil Action No.: 13-446 (JLL) (JAD)

Dear Counsel:

This Letter Report and Recommendation shall address Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 10.1(a). (ECF No. 33). For the reasons stated below, this Court respectfully recommends that Defendants' motion to dismiss be **DENIED WITHOUT PREJUDICE**, and that Defendants retain the right to re-file their application if, in the future, Plaintiff fails to provide the Court with his current contact information or otherwise fails to diligently prosecute this matter. The Court's decision in this matter is based, in part, on Plaintiff's August 26, 2014 submission, in which he provided notice of his current address, (ECF No. 36), as well as the Court's belief that it can address Plaintiff's alleged discovery defaults at the in-person conference scheduled for October 24, 2014.

On August 16, 2014, Defendants filed a motion to dismiss Plaintiff's pleading, arguing that Plaintiff has failed to timely prosecute his claims. (ECF No. 33). Specifically, Defendants contend that Plaintiff failed to timely provide the Court with notice of his current address in

violation of Local Civil Rule 10.1(a),[1] never served discovery requests, has not responded to Defendants' discovery requests, and has not provided Defendants with HIPAA-compliant authorization forms. (See Cert. of Jeffrey S. McClain, ECF No. 33-1, ¶¶ 11-21). Defendants therefore argue that Plaintiff's conduct has made it impossible for Defendants to complete fact discovery in accordance with the current scheduling order, to serve expert reports, or to prepare dispositive motions. (Id. ¶¶ 22-24).

With the understanding that Plaintiff was incarcerated, the Court scheduled a video status conference in this matter for October 24, 2014. (ECF No. 34). On August 26, 2014, while Defendants' motion remained pending, Plaintiff filed a notice confirming his current mailing address. (ECF No. 36). As Plaintiff's August 26, 2014 notice confirmed that Plaintiff was not, in fact, incarcerated, the Court converted the October 24, 2014 conference into an in-person status conference. (ECF No. 35).

The Court finds that, as Plaintiff has now confirmed his mailing address with the Court, it would be inappropriate to dismiss Plaintiff's claims based on his violation of Local Civil Rule 10.1(a) (requiring, in pertinent part, that unrepresented parties notify the Court of any change of address within seven days) at this time. With regard to Plaintiff's alleged failure to participate in discovery, the Court will address those issues during the in-person conference scheduled for October 24, 2014.

---

[1] On May 27, 2014 Plaintiff filed a motion for leave to file an amended pleading. (ECF. No. 24). The Court denied Plaintiff's application by Letter Order dated June 30, 2014. (ECF No. 26). The Court sent a copy of its June 30, 2014 Order to Plaintiff via both regular and certified mail. (ECF No. 27). On July 15, 2014, the Court entered an Order scheduling an in-person status conference for August 26, 2014. (ECF. No. 29). The Court sent a copy of that Order to Plaintiff by certified mail, which was returned as "undeliverable" on or about August 8, 2014. (ECF No. 31). The Court thereafter adjourned the August 26, 2014 conference without date. (ECF No. 32).

For the foregoing reasons, the Court respectfully recommends that Defendants' motion to dismiss Plaintiff's Complaint, (ECF No. 33), be **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc:     Jose L. Linares, U.S.D.J.